IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CLUCK-U CORPORATION,

              Plaintiff,

     vs.                              Civil Action 2:07-CV-816
                                            Judge Smith
                                            Magistrate Judge King

C.U.C. OF COLUMBUS, INC.,
*et al.,*

              Defendants.


<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court, by specific order of reference pursuant to 28 U.S.C. §636(b), *see Order*, Doc. No. 25, on plaintiff's *Motion for Contempt and for Appointment of a Receiver*, Doc. No. 24 ["*Plaintiff's Motion*"]. For the reasons that follow, it is recommended that *Plaintiff's Motion* be granted in part and denied in part.

I

Plaintiff, the owner and franchisor of a brand of restaurants, claims in this action that defendant C.U.C. of Columbus ["CUC"], a franchisee, and defendants Abou-Ezzi and Kalid Khaich, President and partial owner, respectively, of CUC, acted in breach of the agreement to pay franchise fees, misappropriated plaintiff's trade secrets and violated the Lanham Act, 15 U.S.C. §1051 *et seq*. Plaintiff also asserted related state law claims. *Complaint*, Doc. No. 1. On September 10, 2008, the Clerk entered the fact of defendants' default, *Clerk's Entry of Default*, Doc. No. 16, and on September 11, 2008, the Court entered judgment by default. *Order of Default Judgment and Permanent Injunction Against All Defendants*, Doc. No. 20. In that judgment, all

defendants were permanently enjoined from using plaintiff's trademarks or any other name in a manner likely to be confused with plaintiff's trademarks, *id.,* ¶5(a), and from using plaintiff's trade secrets, including recipes, manuals and lists, *id.,* ¶5(b). Defendants were also expressly required to deliver within thirty (30) days "all packaging, signs, menus, advertising or other uses of [plaintiff's] trade secrets, including recipes, manuals, and lists for destruction." *Id.,* ¶7. Finally, the Clerk was directed to enter judgment in favor of plaintiff and against all defendants, jointly and severally, in the amount of $64,800. *Id.,* ¶6.

*Plaintiff's Motion,* filed on January 19, 2011, asserts that defendants have wholly failed to comply with this Court's judgment. Plaintiff specifically contends that defendants continue to use plaintiff's trademarks and trade secrets and have failed to pay the damages awarded to plaintiff. Plaintiff asks that the Court find defendants "in civil contempt, and penalize them accordingly." *Plaintiff's Motion*, at 9. Plaintiff also asks that the Court appoint a receiver "to carry its judgment into effect." *Id.*

Defendants were ordered to show cause, by June 24, 2011, why they should not be held in contempt of this Court's *Judgment and Permanent Injunction*. *Order*, Doc. No. 26. Defendants were also specifically advised that their failure to respond would result in a recommendation that they be found in contempt and that a receiver be appointed to carry the Court's judgment into effect. *Id.* There has been no response to that *Order*.

## II.

A sanction for a civil contempt is remedial and is intended to accrue to the benefit of the complainant. *Gompers v. Buck Stove &*

2

*Range Co.*, 221 U.S. 418, 441 (1911). "Broadly, the purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant." *United States v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1400 (6ᵗʰ Cir. 1991) (citing *United States v. Mine Workers,* 330 U.S. 258, 303-04 (1947); *Gompers,* 221 U.S. at 441).

The party seeking a finding of civil contempt bears the burden of proving by clear and convincing evidence that the respondent "'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Liberte Capital Group, LLC v. Capwill,* 462 F.3d 543, 550 (6ᵗʰ Cir. 2006)(quoting *Glover v. Johnson*, 934 F.2d 703, 707 (6ᵗʰ Cir. 1991)).

"'[G]ood faith is not a defense to civil contempt.'" *Glover, supra*, 934 F.2d at 708 (quoting *Fortin v. Commissioner of Mass. Dep't of Pub. Welfare*, 692 F.2d 790, 796 (1ˢᵗ Cir. 1982)). Although inability to comply with a court's injunction can constitute a defense in contempt proceedings, the burden is on the respondent to establish that defense. In this regard, that burden is met only when the respondent establishes that it "took all reasonable steps to comply. . . ." *Id*.

A.

In this case, there is clear and convincing evidence that defendants have violated the Court's clear and specific order prohibiting defendants from using plaintiff's trademarks and trade secrets, including recipes, manuals and lists. As recently as December 2010, CUC was operating its business, "Cluck-U Chicken Co.," as if it were an authorized franchisee of plaintiff. For example, the signs utilized by the business appear to be those of an authorized franchisee, *see* Exhibits B-1 through B-4 to *Affidavit of Anthony J.*

3

*Trzaska*, attached to *Plaintiff's Motion*, and the menus – whether printed or posted on the wall of the business – associate the business with a Cluck-U franchise, *see id.*, Exhibits B-5 through B-9. Jean Pierre Haddad, the President of Cluck-U, avers that efforts undertaken by him following the entry of this Court's judgment to restore defendants' status as an authorized franchisee have been rebuffed. *Declaration of Jean Pierre Haddad in Support of Motion to Find Defendants in Civil Contempt, and for Appointment of a Receiver*, ¶¶ 4-5. Nevertheless, defendants continue to use the Cluck-U trademarks and trade secrets and "continue to represent that their goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, and/or quantities that have been sponsored, approved, affiliated, or connected by or with Cluck-U." *Id.*, ¶7. According to Mr. Haddad, defendants' continued unauthorized use of plaintiff's trademarks and trade secrets "damages the Cluck-U brand and confuses the public." *Id.*, ¶8. Defendants have not paid the $64,800 in damages awarded to plaintiff by this Court. *Id.*, ¶3.

This Court concludes that plaintiff has met its burden in establishing a civil contempt by defendants in connection with defendants' continued unauthorized use of plaintiff's trademarks and trade secrets and defendants' failure to deliver all Cluck-U signs, menus, advertising, etc., for destruction.

However, the Court also concludes that plaintiff has not established that defendants are in contempt by reason of their failure to pay the monetary award assessed against them. The monetary award incorporated in the Court's judgment did not take the form of injunctive relief. Rather, the Court merely directed the Clerk to "enter judgment in favor of Plaintiff and against the defendants and each of them joint and several, in the amount of $64,800." *Order of*

4

*Default Judgment and Permanent Injunction*, ¶6.  The fact that
defendants have not paid that judgment does not give rise to a
contempt of court.  Instead, plaintiff has available to it the
remedies available to every judgment creditor.  *See, e.g.,* Fed. R.
Civ. P. 69.[1]


B.

Defendants, who were provided notice of plaintiff's *Motion for
Default Judgment,* Doc. No. 18, and of *Plaintiff's Motion*, have never
entered an appearance in this action nor have they responded to
plaintiff's motions.  Although the record demonstrates that defendants
received notice of this Court's *Order to Show Cause*, *see
Acknowledgment of Service*, Doc. No. 27; *Acknowledgment of Service*,
Doc. No. 28, defendants have never controverted the factual
allegations contained in *Plaintiff's Motion*.  In failing to respond to
either the *Plaintiff's Motion* or the Court's *Order to Show Cause*,
defendants have failed to establish either that they took all
reasonable steps to comply with the Court's injunction or that they
are unable to do so.

The Court therefore concludes that defendants are in contempt for
disobedience of the Court's order.

**III.**

Plaintiff asks that defendants be found in civil contempt but
proposes as a remedy only that a receiver be appointed to carry out

---

[1]**"Money Judgment; Applicable Procedure**.  A money judgment is enforced by
a writ of execution, unless the court directs otherwise.  The procedure on
execution – and in proceedings supplementary to an in aid of judgment or
execution – must accord with the procedure of the state where the court is
located, but a federal statute governs to the extent it applies."  Fed. R.
Civ. P. 69(a)(1).

5

the Court's order.[2] In making this request, plaintiff specifically refers to Ohio law, O.R.C. §2735.01, which provides that judges of certain Ohio courts may appoint a receiver, *inter alia*, "[a]fter judgment, to carry the judgment into effect . . . ." §2735.01(C). The statute has been characterized by the courts of Ohio as "a procedural statute." *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 395 (10th Dist. Ct. App. 2006).

Even if this Ohio statute is intended to authorize federal courts to appoint receivers, this Court concludes that this Ohio statute is nevertheless inapplicable.  State procedural rules are not ordinarily applied by federal courts, even federal courts exercising their diversity jurisdiction. *Hanna v. Plumer,* 380 U.S. 460, 465 (1965)(discussing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Although the *Erie* doctrine generally requires that federal courts under such circumstances apply state substantive laws, federal courts are required to apply federal procedural rules, particularly if the applicable federal rule falls within the scope of the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 747 (1980).  *See also Burlington N. R.R. v. Woods*, 480 U.S. 1, 6 (1987)(the Federal Rules of Civil Procedure are accorded "presumptive validity under both the constitutional and statutory constraints").

The Federal Rules of Civil Procedure expressly authorize the appointment of a receiver as a means of enforcing an injunction issued by a District Court:

> If a judgment requires a party to . . . perform

---

[2]Plaintiff does ask that the Court "penalize" the defendants for their civil contempt. *Plaintiff's Motion*, p. 9. However, it is a purpose of criminal contempt – not civil contempt – to punish the contemnor. *Gompers,* at 441.

> any . . . specific act and the party fails to
> comply within the time specified, the court may
> order the act to be done – at the disobedient
> party's expense – by another person appointed by
> the court.  When done, the act has the same
> effect as if done by the party.

Fed. R. Civ. P. 70(a).[3]  *See United States of America v. Production*

*Plated Plastics, Inc.*, 61 F.3d 904 (Table), 1995 WL 428451, *7 (6th

Cir. July 19, 1995).  Thus, although state law does not provide the

relief sought in *Plaintiff's Motion*, Rule 70(a) does and this Court

concludes that the facts established by plaintiff warrant the

appointment of a receiver.

**IV.**

Having concluded that the appointment of a receiver is

appropriate, the Court must now determine the scope of the

appointment.  Plaintiff appears to contemplate that the receiver will

not only address defendants' failure to return the tangible evidence

of their misconduct to plaintiff for destruction, but also defendants'

continued use of plaintiff's trademarks and trade secrets.  However,

Rule 70 authorizes the appointment of a receiver only to enforce an

order requiring a party to "perform [a] "specific act."  Rule 70(a).

The only specific act referred to in the Court's judgment was the

obligation that defendants

> deliver to the plaintiff's attorney within thirty
> days of the issuance of this judgment all
> packaging, signs, menus, advertising or other
> uses of the Cluck-U Trademarks, and all Cluck-U
> Trade Secrets including recipes, manuals, and
> lists for destruction.

*Order of Default Judgment and Permanent Injunction*, ¶7.  The

---

[3]A finding of contempt is not a necessary prerequisite to the
appointment of a receiver under Rule 70(a); a separate provision of the rule
authorizes a finding of contempt as an additional remedy.  Fed. R. Civ. P.
70(e)("the court may also hold the disobedient party in contempt").

appointment of the receiver should therefore be limited to the enforcement of that provision.

It is **RECOMMENDED** that *Plaintiff's Motion*, Doc. No. 24, be **GRANTED in part and DENIED in part.** It is specifically **RECOMMENDED** that a receiver be appointed to enforce the provisions of ¶7 of the Court's September 10, 2008 *Order of Default Judgment and Permanent Injunction*. In this regard, plaintiff should be directed to recommend, within thirty (30) days, a suitable receiver for this purpose and an appropriate procedure for executing the duties of that receiver.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

July 11, 2011           <u>*s/ Norah McCann King*</u>
Norah McCann King
United States Magistrate Judge